# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | NO. 1:08-CR-81 (1) |
| | § | |
| LYNDON LOUIS JONES | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed May 4, 2012, alleging that the Defendant, Donald Barnes, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on April 24, 2009, before the Honorable Marcia Crone, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute methamphetamine, a Class C felony. The offense carried a statutory maximum imprisonment term of not more than twenty (20) years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of III, was 24 to 30 months. The Defendant was sentenced to 30 months' imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include: financial disclosure, drug aftercare, and a $100 special assessment.

## II.  The Period of Supervision

The Defendant completed his period of imprisonment on August 17, 2010, and began his term of supervised release.  On April 5, 2012, conditions of supervised release were modified to include the Defendant shall reside in a community correctional center or similar facility, for a period fo 90 days and shall observe all the rules of that facility.

## III.  The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision on May 4, 2012 alleging three violations of the following conditions of release: (1.) The Defendant shall refrain from any unlawful use of a controlled substance.  The Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer; (2.) The Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; and (3.) The Defendant shall reside in a community correctional center or similar facility, for a period of 90 days and shall observe the rules of that facility.

## IV.  Proceedings

On January 22, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition.  The Defendant agreed to plead "true" to the second

allegation, which asserted that he violated a standard condition of supervised release, to wit: "On April 10, 2012, April 12, 2013, and April 13, 2012, Lyndon Louis Jones failed to report to the probation officer as instructed."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of eleven (11) months' imprisonment, with no supervised release to be imposed after release. The eleven (11) month term of imprisonment includes his unserved term of 90 days community confinement.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to report as directed by a probation officer on April 10, 2012, April 12, 2013, and April 13, 2012, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of a revocation of supervised release

based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. Lyndon Louis Jones has 90 days of unserved community confinement that may be converted to an equivalent period of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other

  corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.  Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see</u> also 28 U.S.C. § 924(A)(3);

4.  Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to report to his probation officer as instructed. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is III. Policy guidelines suggest 5 to 11 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of eleven (11) months' imprisonment with no supervised release to follow. The eleven

(11) month term of imprisonment includes his unserved term of ninety (90) days' community confinement. The Defendant, counsel for the Defendant, the Government, and U.S. Probation Office agree that this is an appropriate sentence.

Furthermore, according to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Under U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment that can be imposed upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The undersigned recommends no supervised release to follow after the Defendant's imprisonment.

## VII. Recommendations

1. The court should find that the Defendant violated a standard condition of supervised release by failing to report to the probation officer as instructed;

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a total term of imprisonment of eleven (11) months with no supervised release to be imposed after release. This term of imprisonment includes his 90 day term of unserved community confinement.

4. The Defendant has requested to serve his term of imprisonment at the Beaumont Federal Correctional Complex (FCC) in Beaumont, Texas. If possible, his request should be granted.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 24th day of January, 2013.

_____
Zack Hawthorn
United States Magistrate Judge